UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**RONALD E. STEWART, et al.,**

    **Plaintiffs,**

                              **Case No. 2:12-CV-270**
    v.                                   **JUDGE GREGORY L. FROST**
                                **Magistrate Judge Kemp**

**CHESAPEAKE EXPLORATION, LLC,**

    **Defendant.**

### OPINION AND ORDER

This matter is before the Court for consideration of Defendant's motion to transfer venue to the Northern District of Ohio (ECF No. 9), Plaintiffs' memorandum in opposition to Defendant's motion (ECF No. 17), and Defendant's reply in support of its motion (ECF No. 19). For the reasons that follow, the Court **GRANTS** the motion and **TRANSFERS** the case to the United States District Court for the Northern District of Ohio.

### I.  Background

The dispute in this case involves a contract for the mineral rights underlying Plaintiffs' property in Noble County, Ohio. According to the complaint, Plaintiffs leased the mineral rights underlying their property (the "Lease") to Defendant's predecessor, Anschutz Exploration Corporation ("Anschutz"), which assigned the Lease to Defendant. The primary term of the Lease was November 21, 2008 – November 21, 2011 and Defendant had the option to extend the Lease for an additional three years.

The Lease contains a paragraph entitled "Preferential Right to Renew" ("Paragraph 14"). Paragraph 14 states:

> If, at any time during the primary term hereof, Lessor receives an acceptable, bona fide third-party offer to lease the Leasehold, in whole or in part, Lessor shall promptly provide the Lessee, in writing, of all the verifiable particulars of such offer. Lessee shall have thirty (30) days from the receipt thereof to advise Lessor, in writing, of its agreement to match said third-party offer as to all terms and consideration; immediately thereafter, Lessor and Lessee shall take all cooperative steps necessary to effectuate the consummation of said transaction and the survival of said transaction through any statutorily mandated right of cancellation thereof. Any lease or option to lease the Leasehold, in whole or in part, granted by Lessor in contravention of the purposes of this paragraph shall be deemed null and void.

(ECF No. 3-2, at 5.) Plaintiffs allege that, during the primary term of the Lease, they received a bona fide offer from a third party. Plaintiffs provided the terms of that offer to Defendant and stated that, if Defendant would not match the terms of the third-party offer, Plaintiffs would terminate the Lease. Defendant declined to match the offer but stated that it had exercised its option to extend the Lease. The parties now dispute whether Paragraph 14 should be interpreted as conferring a right only on the lessee or whether it authorizes Plaintiffs to terminate the Lease.

Plaintiffs initiated this action on February 27, 2012, in the Noble County Common Pleas Court. Plaintiffs' complaint asks for a declaratory judgment that the Lease is no longer effective. Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441 and filed a counterclaim against Plaintiffs seeking a declaratory judgment that "Plaintiffs are not permitted to terminate their Lease during the primary term (or during any extension thereof) pursuant to Paragraph 14." (ECF No. 10 ¶ 24.)

Defendant represents that it has contracts with other oil and gas lessors (the "*Catlett* Lessors") that also contracted with Anschutz, which assigned the leases to Defendant. The *Catlett* Lessors' contracts contain the same Paragraph 14 of the Anschutz lease form that Plaintiffs' Lease contains. Defendant represents that, like Plaintiffs, the *Catlett* Lessors invoked Paragraph 14 of their leases and demanded that Defendant match third-party offers or have its

leases terminated. In response to these demands, and before Plaintiffs initiated the present action, Defendant filed a complaint in the Northern District of Ohio seeking a declaratory judgment that Paragraph 14 of the *Catlett* Lessors' contracts does not authorize the *Catlett* Lessors to terminate their leases. The *Catlett* lessors—95 in total—are represented by the same counsel that represents Plaintiffs in this action.

Defendant has moved for summary judgment in the *Catlett* action and its motion is currently pending in the Northern District of Ohio in front of Judge Adams. Defendant's motion asks Judge Adams to resolve the question of contractual interpretation—whether a lessee can terminate his or her lease pursuant to Paragraph 14—that is common to each of the *Catlett* Lessors. Defendant argues that Plaintiffs' action here presents the same question and seeks to transfer this case to the Northern District of Ohio.

## II. Discussion

The standard governing transfers of venue is found at 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Courts interpreting § 1404(a) must engage in a two-step analysis and determine (1) whether the action might have been brought in the proposed transferee court, and (2) whether, considering all relevant factors, the balance of convenience and the interests of justice "strongly" favor transfer. *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849–50 (S.D. Ohio 2007) (citing *First Bank of Marietta v. Bright Banc Sav. Ass'n*, 711 F. Supp. 893, 896–97 (S.D. Ohio 1988)). The moving party bears the burden of demonstrating that transfer under § 1404 is proper. *Id*.

3

To determine whether an action "might have been brought" in the transferee court, courts ask whether the transferee court has jurisdiction over the subject matter of the action, whether venue is proper there, and whether the defendant is amenable to process issuing out of the transferee court. *Id.* at 849. These factors are satisfied here. The Northern District of Ohio has subject matter jurisdiction over the dispute pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states—specifically, Plaintiffs are Ohio citizens and Defendant is organized under the laws of Oklahoma and maintains its principal place of business there—and the amount in controversy exceeds $75,000. Defendant offered this same rationale when it removed this case to federal court pursuant to § 1441, which Plaintiffs did not contest. It is also undisputed that the third factor is satisfied in this case because Defendant requested the transfer and therefore is amenable to process issuing out of the transferee court. *See id.*

As for the second factor, venue is proper in any district in which the defendant resides. 28 U.S.C. § 1391(b). A defendant is deemed to "reside" for venue purposes in any district in which he or she is subject to the court's personal jurisdiction with respect to the civil action in question. *Id.* § (c); *see also id.* § (d) (stating that, where a state has more than one judicial district, courts must evaluate the defendant's contacts with each district as if it were a separate state). Here, Defendant conducts business operations out of its office in Canton, Ohio, which is located in the Northern District. Defendant therefore transacts business in the Northern District and purposefully avails itself of that forum such that it is subject to jurisdiction there in claims that arise from its business operations. *See* Ohio Rev. Code § 2307.382(A)(1); *Air Prods. & Controls, Inc.*, 503 F.3d 544, 549–50 (6th Cir. 2007).

Plaintiffs do not dispute the conclusion that Defendant resides in the Northern District

4

such that venue is proper under § 1391.  Instead, Plaintiffs cite *Shivers v. Sherman Acquisition, II, L.P.*, No. 4:06 CV 30, 2006 WL 633272, at *1–2 (N.D. Ohio Mar. 9, 2006) and argue that the Noble County Common Pleas Court was a proper forum for this action because Plaintiffs' property is located there.  Plaintiffs conclude that, because Noble County is located in the Southern District, and because a defendant can only remove a state court action under § 1441(a) to the district in which that action is pending, venue is now proper in the Southern District.

      Plaintiffs' argument relies on the incorrect premise that venue cannot be proper in more than one district.  Defendant does not argue that venue is improper in the Southern District—it implicitly concedes that venue is proper here—but argues that venue is also proper in the Northern District and that the Northern District is a more convenient forum in which to resolve this litigation.  This case is therefore unlike *Shivers*, in which the court held that a defendant may not remove a case pursuant to § 1441 and then argue that venue is improper under 28 U.S.C. § 1406.  *See* 2006 WL 633272, at *2.  The *Shivers* court acknowledged that "[e]ven when venue is proper, . . . a district court may, in the interests of justice, transfer any civil action to any other district or division where it might have been brought" and proceeded to analyze whether the § 1404(a) factors supported transfer based on the facts of that case.  *Id.*; *see also Ltd. Serv. Corp. v. M/V APL PERU*, No. 2:09-cv-1025, 2010 WL 2105362, at *7 (S.D. Ohio May 25, 2010) (rejecting the plaintiff's argument that "because [the defendant] chose this district as the appropriate forum when it removed the case from state court, it has given up the right to move for a change of venue" under § 1404(a)).

      The Court therefore must determine whether, considering all relevant factors in this case, the balance of convenience and the interests of justice strongly favor transfer to the Northern

District. In making this determination, the Court must consider case-specific factors including the private interests of the parties and public interest concerns. *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (citing *Stewart Org., Inc., v. Ricoh Corp.*, 487 U.S. 22, 29–30 (1988)); *Krawec v. Allegany Co-op Ins. Co.*, No. 1:08-CV-2124, 2009 WL 1974413, at *4 (N.D. Ohio July 7, 2009).

The private interests of the litigants include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Kay*, 494 F. Supp. 2d at 850 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). A plaintiff's choice of forum is generally afforded substantial weight in this analysis; however, this choice is "entitled to somewhat less weight when the case is removed to federal court because the plaintiff is no longer in his or her chosen forum." *Sky Tech. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp. 2d 286, 292 (S.D. Ohio 2000) (citing *Midwest Motor Supply Co. v. Kimball*, 761 F. Supp. 1316, 1318 (S.D. Ohio 1991)).

The public interest concerns that a court must consider include, but are not limited to, the pendency of related litigation in another district, judicial economy, the transferee judge's familiarity with the facts and circumstances of the case, and the need to promote the fair and consistent resolution of related cases. *Ltd. Serv. Corp.*, 2010 WL 2105362, at *5; *Fed. Ins. Co. v. CVS Revco D.S., Inc.*, No. 1:05 CV 1767, 2009 WL 1707898, at *5 (N.D. Ohio June 16, 2009). Where, as here, one party argues that transfer is appropriate because a related case is pending in the transferee court, courts consider not whether the claims are completely

6

duplicative but whether the claims present the same "central issue."  *Ltd. Serv. Corp.*, 2010 WL 2105362, at *6.  Where two claims present the same central issue, public interest concerns and private interest factors both support transfer because consolidation of the related actions would reduce the prospect of inconsistent adjudications and the cost of presenting the same evidence in multiple forums.  *See id*.

   The Court finds that the applicable factors under § 1404(a) strongly favor transfer in this case.  Judge Adams is currently considering a motion for summary judgment that will determine whether Paragraph 14 of the *Catlett* Lessors' contracts permits them to terminate their leases with Defendant.  It is clear from the pleadings that Plaintiffs' ability to terminate their Lease with Defendant pursuant to Paragraph 14 is also the central issue in this case.  *See* ECF No. 3 ¶ 10; ECF No. 10 ¶¶ 16, 24.  Resolution of this issue hinges upon the correct interpretation of Paragraph 14, which Plaintiffs do not dispute is materially identical in both cases.

   Plaintiffs' argument that the essential evidence material to enforcement of rights under Paragraph 14 is different in the two cases is not persuasive.  Plaintiffs argue that their property is located in a different district than the *Catlett* Lessors' properties (which are located in counties throughout the Northern District) and that the third party offeror is different in both cases.  But Plaintiffs do not explain how these facts impact the question of contractual interpretation that Judge Adams is considering.  The cental issue of contractual interpretation turns not on the substance of the third-party offer, but on whether Plaintiffs can use such an offer to terminate their Lease pursuant to Paragraph 14.  *See* ECF No. 3 ¶ 10; ECF No. 10 ¶¶ 16, 24.  Just as this question is common to the 95 *Catlett* Lessors, this question is also common to the *Catlett* action and Plaintiffs' claim.  *See Ltd. Serv. Corp.*, 2010 WL 2105362, at *6 (stating that, in order for a

transfer to advance the public interest concerns underlying § 1404(a), "it is not necessary that the case pending in the proposed transferee district be identical to the one under consideration for transfer"). Consolidation of the two cases therefore promotes the fair, efficient, and consistent resolution of related cases. *See id*.

Transfer of this case to the Northern District will also result in substantial savings of judicial time and resources. Defendant filed the *Catlett* action in the Northern District before Plaintiffs initiated their action in this Court. *See Siegfried v. Takeda Pharm. N. Am., Inc*., No. 1:10-CV-02713-JG, 2011 WL 1430333, at *5 (N.D. Ohio Apr. 14, 2011) (finding that the factors underlying the first-to-file rule enhance the appropriateness of transfer). Judge Adams has already held a case management conference and a hearing on Defendant's summary judgment motion in *Catlett* and therefore is familiar with the facts and circumstances underlying the Paragraph 14 issue. *See Ltd. Serv. Corp*., 2010 WL 2105362, at *5 (finding that the fact that one proceeding is in a more advanced stage of litigation than a related proceeding favors transfer). Finally, absent transfer, it is likely that one judge will invest substantial time and effort to adjudicate a controversy that another judge is already in the process of resolving. *See id*.

That Plaintiffs elected to litigate their claim in their home forum does not outweigh the "weighty factor" of avoiding duplicative litigation in this case. *Id*. Where the factors discussed above strongly favor transfer, "other considerations become largely irrelevant." *Id*.; *see also Krawec*, 2009 WL 1974413, at *6 (transferring a case under § 1404(a) and noting that "the Court can see no advantage, nor does any party assert one, in the prosecution of two closely related parallel proceedings in two different courthouses"). Furthermore, because Defendant removed this case from state to federal court, Plaintiffs' chosen forum "is not entitled to the substantial

weight that it might otherwise receive." *Sky Tech. Partners, LLC*, 125 F. Supp. 2d at 292.

The Court finds that Defendant has met its burden in demonstrating that transfer to the Northern District of Ohio is proper under § 1404(a).

### III. Conclusion

The Court concludes that transfer of this action pursuant to 28 U.S.C. § 1404(a) is appropriate. The Court therefore **GRANTS** Defendant's motion and **TRANSFERS** the case to the United States District Court for the Northern District of Ohio. (ECF No. 9.) The Clerk shall transfer this case to the United States District Court for the Northern District of Ohio.

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE